STATE ex HILE v. ZANGERLE, Aud. et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8769. Decided Jan. 9, 1928.

First Publication of this Opinion.

Syllabus by Editorial Staff.

Middleton, PJ., Mauck and Thomas, JJ., of the 4th District, sitting.

291. CONSTITUTIONAL LAW—1104. Statutes—323. County Commissioners—915. Personal Injury.

Act, by general assembly, authorizing commissioners of Cuyahoga County to pay sum of money in settlement of damages for injuries sustained, owing to falling of passenger elevator, held unconstitutional.

Error to Common Pleas.

Judgment reversed.

George D. Hile, Cleveland, for State ex.

Cull, Burton & Laughlin, Cleveland, for Zangerle.

STATEMENT OF FACTS

This is a proceeding in error to reverse judgment of the Court of Common Pleas whereby a general demurrer was sustained to an amended petition filed by plaintiff in error and action was thereupon dismissed. The amended petition, to which the demurrer was sustained, alleges, in substance, that one of the defendants named therein, Joseph A. Spitzig, while serving as a juror in the court house of Cuyahoga County and while riding in one of the elevators in said building, received some personal injury by reason of said elevator being out of order or being negligently operated by the operator thereof; that thereafter Spitzig presented a claim for damages for such injury to the county commissioners, but that said commissioners did not allow and could not allow the same. Thereafter, on March 10, 1927, the general assembly of this state, at the solicitation of Spitzig, enacted the follownig law:

"Be it enacted by the General Assembly of Ohio:

"Section 1. That the board of county commissioners of Cuyahoga County be and it is hereby authorized and empowered to pay to Joseph A. Spitzig of Cleveland, Ohio, a sum of money not exceeding $15,000 in settlement and accord of all damages incurred by said Joseph A. Spitzig for injuries sustained by him owing to the falling of a passenger elevator in the court house of Cuyahoga County, Ohio, in which elevator said Joseph A. Spitzig was a passenger, while attending court in said court house as a juror."

The amended petition alleged that this act or law went into effect about June 8, 1927, and that the county commissioners, by virtue of said act, determined and allowed, to said Spitzig, damages in the sum of $12,500 for said injury. The amended petition further alleged that said law or act of the legislature is unconstitutional and void for the reasons that it is retroactive and violates Section 28 of Art.

II of the Constitution of Ohio, and that it violates Section 16 of Art. I of the Constitution; and that it violates Section 5 of Art. XII of the Constitution.

## OPINION OF COURT.

The following is taken, verbatim, from the opinion.

MIDDLETON, PJ.

Under Section 28, Art. II of the Constitution the General Assembly is specifically prohibited from passing retroactive laws.

At the time Spitzig sustained his injury he had no legal recourse against the board of county commissioners or any other constituted authority under the laws of this state. At that time the board of county commissioners was without power or authority to consider his claim or make any adjustment of it at the expense of the county. This statute, therefore, conferred upon the county commissioners the legal right to adjust the claim in question and authority to make an allowance therefor, and it gave a legal right to Spitzig which he did not have when he received his injury. Clearly the legislature was without power, under the constitutional provision referred to, to enact this law.

It is asserted, however, that retroactive laws may be passed in furtherance of natural justice and that, where there is a moral obligation to do a thing, such obligation relieves legislation from the inhibition of this provision of the constitution. Commissioners v. Roush Bros. 50 OS. 103.

There is nothing in this record to show that, at the time Spitzig was injured, there were any special circumstances which gave him any special right to the consideration of the legislature or that his claim was or is supported by any moral obligation greater than the obligation to those who are injured on the public highways and other thorofares under the control of the state and who are without any redress against either a county or the state for the injury sustained.

It follows that the judgment of the Court of Common Pleas, sustaining a demurrer to the amended petition, must be reversed and the case is remanded to the Court of Common Pleas for further proceedings according to law.

(Mauck and Thomas, JJ., concur.)