STATE ex Hile v. ZANGERLE, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9582.. Decided Oct. 8, 1928.

George D. Hile, Cleveland, for State ex.

Edward C. Stanton, Pros. Atty., and E. J. Thobaben, Asst. Pros. Atty., Cleveland, for Zangerle et.

**VICKERY, J.**

Commissioners are men of judgment and are capable of deciding this question as well as some passers-by might be, and the claim that they did not hear witnesses is not well founded.

Now it is claimed by Mr. Hile that the County has no right to purchase land for a Morgue.

Now does the statute permit this sort of construction? We think it does. We think, under this section of the statute, it might be possible for the County Commissioners of Cuyahoga County, if they deem it wise and necessary and for the general good, to build a county morgue, they could build one, and for that purpose they could acquire land upon which it is to be built. And so there must have been a purpose in the minds of the Legislature which would authorize the County Commissioners, under certain circumstances, if they deemed it wise or necessary for the general good to build other county buildings than those expressly named in the statute, among which might well be classed the Morgue.

Now as a matter of fact it is not the intention of the County Commissioners to build a Morgue. They seek to provide in this way for an alley or roadway alongside of the Morgue, for the purpose of properly conducting the business which is done at the Morgue. We think this is a perfectly proper thing to do and all requirements of law that we know of having been complied with and there being nothing in the record to show that the purchase price of this land was unreasonable or that they are giving the taxpayers' money away, or that they are not getting value received,—for thirty-three feet of land on a street like Lakeside Avenue right in front of the City Hall would easily be worth Twenty-Six Thousand Dollars at the way land goes in the City of Cleveland, —we can see no reason why the injunction should be granted and it will therefore be refused and the entry will be, decree for defendant, order see journal.

Sullivan, P. J. and Levine, J., concur.