## STATE ex HILE v ZANGERLE et

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 10142. Decided December 9, 1929

Mr. Geo. D. Hile, Esq., Cleveland, for State ex Hile.

Messrs. R. T. Miller, Esq., and D. R. Hertz, Esq., Cleveland, for Zangerle et.

LEMERT, P. J. and SHERICK, J. (5th Dist) sitting.

**LEMERT, PJ.**

The question is submitted to this court as to whether or not the attorney fees were awarded as a part of the costs. The attorney fees awarded by the Court of Common Pleas were made under and by virtue of 2923 GC.

We believe the language of this statute is plain, clear and unambiguous and there can be no doubt but that the language means that the taxpayer shall be allowed his costs which may include a reasonable compensation to his attorney. It, therefore, follows that it is reasonable to conclude that the intendment of the legislature in the above statute was to mean that a reasonable compensation for the attorney bringing the suit shall be included in the costs.

It is not necessary for us to resort to common law definition for the term "costs", as the statute clearly indicates that the word or term costs as used in the statute includes attorney fees.

We must not lose sight of the fact in this case that the finding and judgment of the Common Pleas Court was taken to the Court of Appeals on appeal. Therefore, it must follow that the effect of such appeal proceedings upon the previous decree of the Common Pleas Court was to substitute for the decree of the Common Pleas Court the decree of the Court of Appeals, keeping in mind that an appeal brings up the whole case and transfers to the appellate court every question between the parties. It, therefore, follows that a proper view of the effect of the decree of the Court of Appeals upon the decree of the Common Pleas Court is that the decree of the Court of Appeals completely supplants and takes the place of the decree of the lower court. It, therefore, follows that the decree of the lower court as to costs must give way to the decree

of the higher court on the same subject matter.

As shown by the record the facts are that the Court of Appeals not only refused its decree to award attorney fees but went further and assessed the costs against the plaintiff. We, therefore, hold that the demurrer submitted in the court below in this case was properly sustained.

Therefore, the finding and judgment of the court below will be affirmed and plaintiff's petition dismissed. Exceptions may be noted.

Sherick, J., concurs. Houck, J., not participating.