## ARNOLD v STATE ex CARSON

Ohio Appeals, 7th Dist, Mahoning Co
Decided June 6, 1930

R. L. Thomas and James S. Cooper, Youngstown, for Arnold.

Lewis & Levin and T. A. Johnson, Youngstown, for Carson.

POLLOCK, J.

The question to be determined is whether the Court of Common Pleas, final judgment having been entered against the tax payer, had authority under the section we have mentioned, or rather was required, as is claimed, to allow and fix the attorney fees for the tax payer prosecuting such an action.

It is urged that notwithstanding the action was appealed after the judgment of the Court of Common Pleas to the Court of Appeals, that the appeal did not apply to or change the order or judgment entered by the Common Pleas Court allowing Mr. Carson attorney fees, that that order was only incidental to the judgment in the action. In fact, it was urged that the court was required to make such an entry when he entered judgment in favor of the tax payer, that he could at that time have fixed the amount of the fee, and that, as error was not prosecuted from that court, the only error that can now be prosecuted is the question of the amount of the attorney fees; in other words, that the time for prosecuting error from the judgment of that court in the allowing attorney fees to the Court of Appeals had long expired. It is correct that the time allowed to bring error proceedings from the entry allowing attorney fees had expired.

We think that this question and all other questions in this case depend upon the construction of 2923 GC. If Section 2923 authorized and required the trial court when it entered a judgment to allow attorney fees to the tax payer prosecuting such an action, and if that is the judgment that was intended and referred to in this section the allowing of attorney fees was right. If, on the other hand, it is the final judgment in the case that determines, under this section, the right of the tax payer to have costs and attorney fees allowed him, the judgment of the court below was wrong.

Sec 2923, so far as we need refer to it, reads as follows:

"If the court hearing such case is satisfied that such taxpayer is entitled to the relief prayed for in his petition, and judgment is ordered in his favor, he shall be allowed his costs, including a reasonable compensation to his attorney."

There could not be any objection made to the court below allowing plaintiff his attorney fees, but not only the court must be satisfied but there must be a judgment in favor of the tax payer before he can be allowed his attorney fees.

Our attention is called to the section of the Code authorizing such proceedings in a municipality, and it is urged that the section prior to the amendment some years ago was substantially the same section as in the instant case, that the legislature amended that section providing in plain terms that it should be the final judgment that would determine the tax payer's right to recover attorney fees, and if the legislature had not intended that in proceedings under 2923 GC the tax payer should be allowed his attorney fees if he recover judgment, even if the judgment on appeal should be against him, it would have amended that section also. Whether that is good reasoning or not we need not stop to determine.

In the case of Horstman v. City of Cincinnati, 1 Oh Ap 444, such an action was brought against the officers of the city in the Superior Court, and the section that authorized the allowance of attorney fees to one bringing such an action against a municipality, or officers of a municipality, was then Sec 1779 of the Revised Statutes. It was that section which was afterwards amended to make it plain that he could not recover until final judgment.

"If the court hearing such case shall be satisfied that such tax payer had good cause to believe that his allegations were well founded, or if the same are sufficient in law, it shall make such order as the equity and justice of the case shall demand, and in such case he shall be allowed his costs including a reasonable compensation to his attorneys."

Error was prosecuted from the judgment in this case and the Supreme Court reversed the judgment of the Superior Court in favor of the tax payer. Then an action in error was prosecuted from the Superior Court to the Court of Appeals of Hamilton County from the judgment allowing the tax payer prosecuting the action his attorney fees. The judgment of the Superior Court was affirmed notwithstanding the Supreme Court had reversed the judgment of the Superior Court in favor of the tax payer. This section above referred to did not require a judgment to be entered before the tax payer could be allowed his compensation. All required was that the trial court should be satisfied that such tax payer had good cause to believe and that his allegations were well founded, so that there is a material difference between this section and the section that we have to construe, because it did not require a judgment. We need not stop now to consider if the action had been appealed from the Superior Court to the Court of Appeals instead of error proceedings, and judgment was otherwise, whether it could then have been held that the tax payer had good cause and should be allowed his attorney fees when he had finally failed. We think that the amendment of Sec 1179 does not assist in determining the construction that should be placed on 2923 GC and we do not think that the case of Horstman v. Cincinnati is determinative of the instant case.

We have been handed an opinion decided by the Court of Appeals of Cuyahoga County, in the case of Ohio ex rel George D. Hile, vs. John A. Zangerle, et al., (see 6 Abs 150, 7 Abs 8, 8 Abs 89) in which the same question as involved in this case, in which that court held the tax payer could not recover attorney fees.

We come to the construction of this section. We think that it was proper in the Court of Common Pleas when it found in favor of the tax payer in the present case, to then enter an order allowing the tax payer his costs and attorney fees, and the court might well have fixed the fees at that time. If that judgment still stands for

that purpose and is the judgment intended and referred to in **2922 GC,** the court had a right to fix the fees at the time he did fix them, and the judgment should be affirmed.

Looking first to the effect of an appeal. The second volume of Ohio Jurisprudence, Section 315, under Appeal and Error, after first referring to the fact that an appeal is somewhat different in this state from other jurisdictions, he says:

"An appeal in Ohio takes up the subject matter of the action at the point where the court below took it up, and proceeds from that point in respect to pleadings, necessary parties in chancery, testimony, trial and judgment in like manner as if the cause had never been tried below. The perfecting of an 'appeal removes the whole case to the appellate court. And it is there as it was before the lower court and is tried de novo. The appellate court has the same jurisdiction, the subject matter of the action, the same control over the pleadings, the issuing and serving of process as well as the final determination of the case that the court below had."

The statute says:

"When an appeal is taken and bond given judgment is thereby suspended."

When this case was appealed the judgment was suspended. We need not spend much time in determining what effect the appeal had on this order that was made for attorney fees, because in order to recover attorney fees there must be a judgment. When the court of appeals entered a judgment against the tax payer the judgment of the court of common pleas was not only suspended but superceded and the judgment in the case was the judgment entered by the court of appeals.

In the case of **Mason v. Alexander, 44 Oh St,** the case begins on page 318 but what is referred to here is found on page 328 in the opinion of Judge Spear:

"In Ohio the appeal itself vacates without revisal the whole proceedings as to findings of fact as well as law, and the case is here upon the same or other pleadings and upon such competent testimony as may be offered in that court. It takes up the subject of the action de novo in respect to pleadings, necessary parties, trial and judgment in like manner as if the cause had never been tried below."

And practically the same holding in the case of **Barnes v. Christy, et al, 102 Oh St 180,** second proposition of the syllabus:

"In Ohio on appeal of a chancery case the decree of the court below is suspended and the whole case is transferred to the court of appeals. The court has the same jurisdiction of the subject matter of the action, the same control over the pleadings, the issuing and serving of process as well as the final determination of the case that the court below had."

The judgment in this case and the only judgment there is in the case is that of the Court of Appeals, and as the tax payer must found his right upon a judgment in his favor before allowance of attorney fees and costs, and as he has no judgment in his favor he could not recover attorney fees. We do not have any doubt but what the appeal suspended this order allowing attorney fees, and that final judgment being entered against Carson he can not recover his attorney fees. If judgment had been announced in favor of the tax payer in this court his allowance of attorney fees would have been based on that judgment. It does not make any difference whether the order allowing attorney fees was appealed or not, Carson could not recover attorney fees until there is final judgment in his favor. As the final judgment was against the tax payer he can not be allowed his attorney fees.

The judgment is reversed and final judgment entered in favor of the plaintiff in error.

Roberts and Farr, JJ, concur.